# SEYFARTH SHAW LLP
ATTORNEYS

620 Eighth Avenue
New York, New York 10018
(212) 218-5500
fax (212) 218-5526
www.seyfarth.com

Writer's direct phone
(212) 218-5562

Writer's e-mail
aianni@seyfarth.com

October 17, 2011

**BY HAND DELIVERY**

The Honorable Richard M. Berman
United States District Court for the Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 21B
New York, New York 10007-1312

  Re: Sanjae Russell v. S & S Credit Co., Inc. and
     The Stop & Shop Supermarket Company LLC, 11-CV-5031 (RMB-HBP)

Dear Judge Berman:

  Defendants S & S Credit Co., Inc. ("S & S Credit") and The Stop & Shop Supermarket Company LLC ("Stop & Shop") (collectively, the "Defendants") respectfully submit this letter brief in opposition to plaintiff Sanjae Russell's ("Russell's") motion to remand this case to state court.[1] For the reasons demonstrated below, the Court should deny Russell's motion to remand.

## I. BACKGROUND FACTS

  Russell filed his Complaint in the Supreme Court of the State of New York for the County of New York, alleging race and national origin discrimination claims under the New York State Human Rights Law. In particular, the Complaint alleges that Russell was terminated from his position as manager of the deli department in Stop & Shop's Nanuet, New York store because he is African-American and Jamaican. (Complaint, ¶ 11.) According to the Complaint, he seeks an unspecified amount of damages, alleging only that his damages exceed the jurisdictional threshold

---

[1] S & S Credit did not employ Russell, and thus is not a proper party in this case.

BRUSSELS · WASHINGTON, D.C. · SAN FRANCISCO · SACRAMENTO · NEW YORK · LOS ANGELES · HOUSTON · CHICAGO · BOSTON · ATLANTA

THIS LETTERHEAD IS PRINTED ON RECYCLED STOCK


of the state court, and that he seeks a judgment for all past salary owed, pain and suffering, reasonable attorneys' fees, and any other just and proper relief. (*Id.* ¶ 13.)

Defendants removed the case to this Court on July 21, 2011 on the basis of diversity of citizenship under 28 U.S.C. § 1332(a)(1). (Docket Entry No. 1 - Notice of Removal, ¶¶ 3-5.) The parties are citizens of different states, and because Russell was earning approximately $50,000 per year and sought, in addition to back pay, damages for pain and suffering, attorneys' fees, and other unspecified relief, Defendants submit there is a reasonable probability that the amount in controversy exceeds the jurisdictional threshold of $75,000. (*Id.*) Russell has done nothing but confirmed the reasonable probability that the amount in controversy has been satisfied. Indeed, through his counsel, Russell has refused to sign a stipulation acknowledging that his purported damages are $75,000 or less *and* he has made a settlement demand of $90,000. As demonstrated below, given the relief sought in the Complaint *and* Russell's actions since the case was removed, it is clear that his motion should be denied.

## II. <u>ARGUMENT</u>

In ruling on the motion to remand, Defendants bear the burden only of proving that there is a *reasonable probability* that Russell's claim for damages is in excess of $75,000. *Mehlenbacher v. Azko Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000). Defendants easily meet that burden. While the Complaint seeks an unspecified amount of lost wages, compensatory damages for alleged emotional distress, attorneys' fees and other "just and proper" relief, Russell earned approximately $50,000 per year while he was employed at Stop & Shop. (Motion at 4.) Thus, it is reasonable to conclude that in seeking back wages, together with an unspecified amount of pain and suffering damages, Russell seeks to recover in excess of $75,000. *See, e.g., Ruhling v. Newsday*, 2008 U.S.



Dist. LEXIS 38936, at *23-24 (E.D.N.Y. May 13, 2008) (jury awarded $100,000 in compensatory damages to plaintiff who offered virtually no evidence of emotional distress attributable to the claim on which she prevailed; on motion to remit, court decreased award to $50,000).

Although Russell contends that his potential damages are less than $75,000 because the case was removed only months after Russell's termination – and specifically, that his back wages are *currently* only $15,000, (Motion at 4) – that is not a basis to defeat removal. Russell ignores his other requests for relief in the Complaint. Moreover, as demonstrated below, Russell's refusal to execute a stipulation limiting his damages to $75,000 and his $90,000 settlement demand show that the amount in controversy is in excess of $75,000.

In New York state court, a plaintiff is not required to plead a specific amount of damages in his Complaint. Thus, to permit Russell to avoid removal here only because he filed his Complaint shortly after his termination would mean that any employee who earns less than $75,000 in three months' time – *i.e.*, the vast majority of employees in this country – could defeat removal simply by filing a lawsuit in state court soon after their termination and demanding an unspecified amount of damages. Even if Russell's lost wages were only worth $15,000 at the time of removal, that does not mean that $15,000 was the total amount of damages he sought to recover at that time – as evidenced by his settlement demand and his failure to execute a stipulation limiting his damages. *See, e.g., DeWolff v. Hexacomb Corp.*, 2009 WL 2370723, at *2-3 (W.D. Mich. July 30, 2009) (holding that, in determining the amount of controversy, it is proper to consider the amount of back pay from the time of termination through the date of entry of judgment).



### A. Russell Refused to Execute a Stipulation Limiting His Damages to $75,000.

Where the pleadings are inconclusive as to the amount in controversy, federal courts look outside the pleadings to other evidence in the record. *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Properties Meriden Square, Inc.*, 30 F.3d 298, 305 (2d Cir. 1994). Looking outside of the pleadings in this case shows that removal was proper. In fact, despite Russell's assertion that his wage-related damages are only $15,000, his counsel declined to execute a Stipulation As to Damages (attached as Exhibit A) that would limit Russell's recovery in this case to no more than $75,000. Russell's refusal to sign this Stipulation plainly evidences a "reasonable probability" that his alleged monetary damages are in excess of the $75,000 jurisdictional threshold set forth in 28 U.S.C. § 1332, and thus precludes remand.

*Felipe v. Target Corp.*, 572 F. Supp. 2d 455, 459-60 (S.D.N.Y. 2008), is instructive in this respect. There, plaintiff moved to remand her case to state court, claiming defendant had not shown her claims were worth more than $75,000. Because plaintiff's complaint was "inconclusive" as to the amount in controversy, Judge Holwell determined that remand would be inappropriate because the plaintiff had declined to sign a stipulation capping her damages at $75,000. In refusing to remand, Judge Holwell held that the plaintiff's failure to execute such a stipulation or to amend her complaint "weighed against any 'good faith' contention [plaintiff] may have that her damages are less than $75,000," and evidenced a "reasonable probability" that the amount in controversy exceeded $75,000. *Id.* at 458-59. At least two other Judges in this District have reached the same conclusion. *Armstrong v. ADT Sec. Servs., Inc.*, 2007 U.S. Dist. LEXIS 5452, at *7 (S.D.N.Y. 2007) (Judge Casey concluded that plaintiff's refusal to sign stipulation limiting damages to $75,000 evidenced "reasonable probability" that amount in controversy exceeded that amount);


*Juarbe v. Kmart Corp.*, 2005 U.S. Dist. LEXIS 17247, at *3 (S.D.N.Y. Aug. 17, 2005) (Judge Griesa denied plaintiff's motion to remand where allegations indicated a likelihood that $75,000 threshold would be met and plaintiff failed to sign a stipulation limiting her recovery to $75,000).

*Felipe*, *Armstrong*, and *Juarbe* demonstrate that Russell's refusal to sign the Stipulation capping his damages at $75,000 ends any doubt that the amount in controversy exceeds the $75,000 jurisdictional threshold, or at least shows that there is a "reasonable probability" that he seeks in excess of $75,000. Consequently, the Court should deny Russell's motion on this ground alone.

### B. Russell Made A Settlement Demand in Excess of $75,000.

As further evidence that the amount in controversy exceeds $75,000 in this case, on September 26, 2011, Russell's counsel communicated a $90,000 settlement demand to the undersigned. Courts routinely have held that, on a motion to remand, settlement demands are probative of the amount in controversy. For example, in *Vermande v. Hyundai Motor America, Inc.*, 352 F. Supp. 2d 195 (D. Conn. 2004) (Kravitz, J.), plaintiffs' complaint was inconclusive as to the amount of controversy. In denying plaintiffs' motion to remand, the court concluded that, despite the fact that the value of the vehicle at issue was approximately $24,000, plaintiffs' settlement demand of $154,182 was properly considered (and not excluded under Fed. R. Evid. 408) in assessing the amount in controversy. *Id.* at 202. The court further emphasized that settlement offers are indeed often *lower* than the litigation value of the case in order to induce the parties to settle. *Id.* at 202-03. Thus, the court concluded that defendants met their burden of establishing a reasonable probability that plaintiffs' claims exceeded the statutory jurisdictional threshold of $75,000, and denied plaintiffs' motion to remand. *Id.*; *see also Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002) ("A settlement letter is relevant evidence of the amount in



controversy if it appears to reflect a reasonable estimate of the plaintiff's claim."); *Rile v. STRS Ohio CA Real Estate Inv. 1, LLC*, 2010 WL 183965, at *2 (N.D. Cal. May 3, 2010) (concluding that plaintiff's willingness to settle case for $75,000 was strong evidence that she considered the case to be worth more than that amount). This Court should reach the same conclusion.

Here, Russell seeks an unspecified amount of damages, including for lost wages and for pain and suffering. While he maintains that his purported lost wages are approximately $15,000 at this point, he has failed to attach any monetary value to his alleged emotional distress damages or other relief. It is reasonably probable that he is seeking emotional distress damages in excess of $60,000.[2] *See, e.g., Zakre v. Norddeutsche Landesbank Girozentrale*, 541 F. Supp. 2d 555, 568 (S.D.N.Y. 2008 (upholding $100,000 emotional distress award where plaintiff's employment discrimination claims were resolved in her favor); *Gatti v. Communication Action Agency of Green County*, 263 F. Supp. 2d 496, 512-14 (N.D.N.Y. 2003) (upholding $80,000 emotional distress award where plaintiff's employment discrimination claims were resolved in her favor). Indeed, his settlement demand of $90,000 and refusal to stipulate to damages of $75,000 or less strongly suggest that his purported emotional damages far exceed that amount. Under these circumstances, it is reasonable to conclude that, together with back pay, Russell seeks to recover damages totaling more than $75,000.

---

[2] To be clear, Defendants do not concede that Russell is owed emotional distress damages of any amount, but merely intend to point out that it is reasonable to conclude that he is *seeking* compensatory damages in excess of $60,000.



The Honorable Richard M. Berman
October 17, 2011
Page 7

## III. <u>CONCLUSION</u>

For all the foregoing reasons, Defendants respectfully request that Court deny Russell's motion to remand.

                Respectfully submitted,

                SEYFARTH SHAW LLP

                */s/ Allison E. Ianni*

                Allison E. Ianni

Attachment
cc: Stewart Lee Karlin, Esq. (by email)
     Edward Cerasia II, Esq. (by email)

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SANJAE RUSSELL,

        Plaintiff,

v.                                                                                     11-CV-5031 (RMB-HBP)

S & S CREDIT CO., INC. and THE STOP &
SHOP SUPERMARKET COMPANY, LLC

        Defendants.
------------------------------------------------------------x

## STIPULATION AS TO DAMAGES

It is hereby stipulated and agreed, by and between plaintiff Sanjae Russell ("Plaintiff") and defendants S & S Credit Co., Inc. and The Stop & Shop Supermarket Co., LLC (collectively, the "Defendants"), through their respective counsel, that:

1. The amount in controversy in this case, including, but not limited to, actual damages, compensatory damages, consequential damages, statutory damages, interest, penalties, attorneys' fees and costs, shall not exceed the total sum of $75,000.00;

2. Neither Plaintiff nor his attorneys will ask a court or jury to award a verdict to him in excess of the total sum of $75,000.00, including actual damages, compensatory damages, consequential damages, statutory damages, interest, penalties, attorneys' fees and costs;

3. Should the court or jury return a verdict for Plaintiff in excess of $75,000.00, he will agree to the court reducing any such verdict to $75,000.00;

4. That, under no circumstances will recovery be sought, had, or in any way accepted in this case for any amount in excess of $75,000.00;

5. Plaintiff's attorney has the authority of Plaintiff to enter into this written stipulation on behalf of Plaintiff and Plaintiff agrees to be bound by the same; and

6. This Stipulation does not constitute and shall not be construed, interpreted, or treated in any respect as an admission of any liability or wrongdoing by Defendants.

Dated: August __, 2011

LAW OFFICES OF
STEWART LEE KARLIN, P.C.

By_____
Stewart Lee Karlin
9 Murray Street, Suite 4W
New York, New York 10007
(212) 792-9670

Attorney for Plaintiff

SEYFARTH SHAW LLP

By_____
Edward Cerasia II
620 Eighth Avenue
New York, New York 10018
(212) 218-5500

Attorneys for Defendants

2