UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
SANJAE RUSSELL,                                 :
                                                :
                Plaintiff,           :
                                                :    11 Civ. 5031 (RMB)
       - against -                             :
                                                :    **ORDER**
S & S CREDIT CO. INC., and THE STOP &           :
SHOP SUPERMARKET COMPANY, LLC,                  :
                                                :
                Defendants.          :
---------------------------------------------------------------x

       Having reviewed the record herein, including **(i)** the complaint, dated April 18, 2011, filed by Sanjae Russell ("Plaintiff") in New York State Supreme Court, New York County, against S & S Credit Co. Inc. and the Stop & Shop Supermarket Company, LLC (collectively, "Defendants"), alleging, among other things, that Defendants discriminated against Plaintiff "due to his race (black) and national origin (Jamaican)" by terminating his employment in violation of New York State Human Rights Law, N.Y. Exec. Law §§ 290 et seq. ("NYHRL"), and seeking money damages (Compl., dated Apr. 18, 2011, ¶¶ 2, 11–12); **(ii)** Defendants' notice of removal to this Court, dated July 21, 2011, arguing, among other things, that the amount in controversy exceeds $75,000 because Plaintiff seeks "back pay [and] pain and suffering damages" (Notice of Removal ("Not. of Removal"), dated July 21, 2011, ¶ 5); **(iii)** Plaintiff's motion for remand, dated October 9, 2011, arguing, among other things, that the Court lacks jurisdiction because "his back pay loss at the time of the removal is about $15,000" (Pl. Mem. in Supp. of Mot. for Remand ("Pl. Mem."), dated Oct. 9, 2011, at 4); **(iv)** Defendants' opposition, dated October 17, 2011, arguing, among other things, that Plaintiff has "failed to attach any monetary value to his alleged emotional distress damages" and "has refused to sign a stipulation acknowledging that his purported damages are $75,000 or less and he made a settlement demand of $90,000" (Defs.

Ltr. Br. in Opp'n to Mot. to Remand ("Defs. Opp'n"), dated Oct. 17, 2011, at 2, 6); and **(v)** applicable legal authorities, **the Court hereby denies Plaintiff's motion to remand [#13]**, for the following reasons:[1]

1) The Court may exercise diversity jurisdiction in this case because Defendants have shown that Plaintiff and Defendants are citizens of different states, i.e., the Plaintiff is a citizen of New York and the (two) Defendants are citizens of Massachusetts and Delaware.  (See Not. of Removal at ¶ 4; Pl. Mem. at 2–4); 28 U.S.C. § 1332(a)(1); Am. Nat'l Fire Ins. Co. v. Mirasco, Inc., 09-2538-cv, 2000 WL 1368009, at *4 (S.D.N.Y. Aug. 30, 2000).

2) The amount in controversy requirement is met because there "appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount."[2]  Felipe, 572 F. Supp. 2d at 460 (internal quotation marks omitted).  While Plaintiff states that his damages for "back pay loss at the time of the removal is about $15,000" (see Pl. Mem. at 4), there is a reasonable probability that the damages Plaintiff seeks for "pain and suffering" will bring the amount in controversy above $75,000.  See Felipe, 572 F. Supp. 2d at 459; Leslie v. BancTec Serv. Corp., 928 F. Supp. 341, 349 (S.D.N.Y. 1996).  Plaintiff's counsel has "communicated a $90,000 settlement demand" to Defendants, (Defs. Opp'n at 5–6); see Yong Qin Luo v. Mikel, 625 F.3d 772, 776 (2d Cir. 2010), and he did not execute a stipulation limiting his recovery to no more than $75,000, (Defs. Opp'n at 4, Ex. A); see Felipe, 572 F. Supp. 2d at 459 (where "Defendant's counsel attempted to seek an agreement with plaintiff's counsel to limit plaintiff's damages to $75,000 so as to avoid removal to federal court, . . . but plaintiff has not responded to

---

[1] The parties waived oral argument.  (See Hr'g Tr., dated Sept. 19, 2011.)

[2] Plaintiff does not plead any specific amount of damages in the complaint and the Court may look to other evidence in the record to determine whether it has jurisdiction.  (See Compl. at p. 2; Defs. Opp'n at 3); Felipe v. Target Corp., 572 F. Supp. 2d 455, 458 (S.D.N.Y. 2008); Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir.2000); Ryan v. Cerullo, 343 F. Supp. 2d 157, 159 (D. Conn. 2004).

that offer") (internal citation omitted); see also Armstrong v. ADT Sec. Servs., Inc., No. 06 Civ. 4925, 2007 WL 187693, at *2 (S.D.N.Y. Jan. 23, 2007); Nickel v. Nike, Inc., No. 11 Civ. 4495, 2011 WL 4343852, at *2 (S.D.N.Y. Aug. 18, 2011) ("Plaintiff's refusal to specify the damages sought, particularly in light of his pending motion to remand, supports the conclusion that there is a reasonable probability that the amount in controversy exceeds the jurisdictional floor."); (Compl. at 2).

**Conclusion and Order**

For the reasons set forth above, Plaintiff's motion to remand [#13] is denied. The parties are directed to appear at a status/settlement conference on Thursday, February 23, 2012 at 9:30 am in Courtroom 21B, at the Daniel Patrick Moynihan Courthouse, 500 Pearl Street, New York, New York 10007. **The parties are directed to engage in good faith settlement negotiations prior to the conference.**

Dated: New York, New York
       February 16, 2012

_____
RICHARD M. BERMAN, U.S.D.J.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/16/12